IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Billy D. Littlejohn, | Civil Action No.: 2:10-cv-00843-RBH |
| Petitioner, | |
| v. | **ORDER** |
| Warden M.M. Mitchell, | |
| Respondent. | |

This matter is before the court with the [Docket Entry 8] Report and Recommendation of United States Magistrate Judge Robert S. Carr[1] filed on April 14, 2010. In his Report, the Magistrate Judge recommended that Petitioner's § 2241 Petition should be dismissed without prejudice and without issuance and service of process upon Respondent. Petitioner timely objected to the Report.

## Standard of Review

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de*

---

[1] This matter was referred to Magistrate Judge Carr pursuant to 28 U.S.C. § 636(b) and Local Rule 73.02(B)(2), D.S.C.

*novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

## Discussion

In his Report, the Magistrate Judge stated the following: "As Petitioner seeks to challenge a federal sentence, but fails to demonstrate that § 2255 is inadequate or ineffective to test the legality of his detention, Petitioner's writ of habeas corpus filed pursuant to 28 U.S.C. § 2241, is subject to dismissal." Report at 5-6. Petitioner subsequently timely filed what is docketed as "Objection to Report and Recommendations." [Docket Entry 10]. However, in substance, this document is more akin to a Motion to Amend. Petitioner's objection states the following, in pertinent part: "Petitioner request to proceed under 28 U.S.C. § 2254 and add the USA as Respondent for the above-captioned case, so you can remove the 2241 and replace it with 2254 because the probation revocation was a state probation violation at which I am doing time in Federal custody." [Docket Entry 10]. Petitioner otherwise does not object to the Magistrate Judge's recommendation.

Accordingly, the court has reviewed the face of the record for clear error, and finds none. *See Diamond*, 416 F.3d at 315. Therefore, the court adopts the Magistrate Judge's recommendation that Petitioner's § 2241 Petition should be summarily dismissed without prejudice. Moreover, Petitioner's request to substitute a § 2254 petition for his pending § 2241 petition is not proper. If Petitioner wishes to file a § 2255 motion or a § 2254 petition in the future, he may do so by filing the appropriate petition forms with the court.

## Conclusion

For the reasons stated above and by the Magistrate Judge, the court hereby overrules all of Petitioner's objections and adopts and incorporates by reference the Report and Recommendation of the Magistrate Judge. It is therefore **ORDERED** that the petition for a writ of habeas corpus in the above-captioned case is **DISMISSED** *without prejudice* and without issuance and service of process upon Respondent.

**IT IS SO ORDERED.**

                                              s/R. Bryan Harwell  
                                              R. Bryan Harwell  
                                              United States District Judge

April 27, 2010  
Florence, South Carolina